# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

RAY ARTHUR McELWEE, )
 )
        Plaintiff, )
 )
v. ) No. CIV 17-240-JHP-SPS
 )
MS. TRUELOVE, et al., )
 )
        Defendants. )

## OPINION AND ORDER
## DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a second motion requesting the appointment of counsel (Dkt. 45). He alleges his imprisonment and mental illness have limited his ability to litigate, and he needs assistance to protect his due process rights. *Id*. at 1.

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would [assist the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court again has carefully reviewed the merits of Plaintiff's claims, the nature of

factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)).  The Court concludes the issues are not complex, and Plaintiff appears capable of adequately presenting facts and arguments.

**ACCORDINGLY,** Plaintiff's second motion for appointment of counsel (Dkt. 45) is DENIED.

**IT IS SO ORDERED** this ___ day of August 2019.