# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RAY ARTHUR McELWEE,** | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 17-240-JHP-SPS |
| **MS. TRUELOVE, et al.,** | ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the Court on Defendants' motion for summary judgment. The Court has before it for consideration Plaintiff's complaint (Dkt. 1), Defendants' motion (Dkt. 35), Plaintiff's response to the motion (Dkt. 36), Defendants' reply (Dkt. 37), and Plaintiff's surreply (Dkt. 41). Plaintiff, a pro se prisoner in the custody of the Oklahoma Department of Corrections is incarcerated at Howard McLeod Correctional Center in Atoka, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration in the Okmulgee County Jail ("OCJ") in Okmulgee, Oklahoma. The defendants are Ms. Truelove, aka Kimberly Trulove, OCJ Head Nurse; Mr. McCoy, aka Sam McCoy, OCJ Deputy Warden; and Mr. Martin, OCJ Administrator.

**Standard of Review**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that "a reasonable jury could return a

verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A party opposing a motion for summary judgment, however, may not simply allege there are disputed issues of fact; rather, the party must support its assertions by citing to the record or by showing the moving party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**Discussion**

Plaintiff alleges that on November 2, 2015, he was transferred from the Tulsa County Jail to the OCJ. On December 29, 2015, he began hearing voices, seeing demons, and having suicidal thought, along with insomnia. He asserts that from January 2, 2016, through March 18, 2016, he submitted three sick call requests to the three defendants, advising that he had not received his medication since he was transferred from Tulsa. Defendant Nurse Truelove allegedly told Plaintiff that the jail did not treat mental health problems, and Plaintiff should contact CREOKS counseling about the problem

On April 18, 2016, Plaintiff allegedly contacted CREOKS through a request to staff, stating he had been diagnosed with post-traumatic stress disorder, schizophrenia, and depression. He listed his doctor's and counselor's names in Tulsa. Plaintiff further

2

advised he had not received his medication at OCJ, and his depression was getting worse.[1]

On or around October 1, 2016, Plaintiff allegedly had another mental breakdown, the first one having been at the Tulsa County Jail, except this time he thought he was fighting demons when he actually was fighting with another inmate. Plaintiff was sent to the Okmulgee County Hospital with a broken right hand and a broken right cheekbone as a result. He was placed in isolation until October 6, 2016, when he was transferred to the Department of Corrections where he received his medication.

Plaintiff is requesting monetary relief and relief from his probation and suspended sentence. The Court notes that Plaintiff cannot receive relief from his criminal sentences in this civil rights complaint. Instead, he would need to pursue those claims through a petition for a writ of habeas corpus.

Defendants allege, among other things, that Plaintiff has failed to exhaust the administrative remedies for any of his claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met

---

[1] Plaintiff has submitted a copy of a request to staff to CREOKS dated April 18, 2016, that states his symptoms but does not include a disposition of the issue (Dkt. 1 at 5). He also has submitted a copy of a Request to Staff to CREOKS dated July 1, 2016, also requesting medications for his symptoms, but again there is no disposition (Dkt. 1 at 4).

must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the Court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

The mandatory Inmate Grievance Procedure is set forth in the Okmulgee County Criminal Justice Authority Inmate Handbook (Dkt. 35-2 at 7-8) and in the Okmulgee County Criminal Justice Authority Policy 13-4 (Dkt. 35-3). Plaintiff received a copy of the Inmate Handbook when he was booked into the jail on November 2, 2015 (Plaintiff's Deposition at 64; Dkt. 35-10 at 12).

The Inmate Handbook sets forth the following mandatory inmate grievance procedure:

> You have the right to file a formal complaint whenever you choose. However, all complaints are encouraged to be resolved informally at the lowest possible level.
>
> A request to staff can be obtained from staff for informal resolutions. If you wish to pursue a formal complaint, it is important that the procedures outlined below are followed in order to ensure that your grievance is promptly addressed. Grievances filed improperly may be returned without being reviewed.
>
> Use policy 13-4 Attachment A to grieve issues regarding this facility and

staff. Grievances will be answered within fifteen (15) working days of receipt by the grievance coordinator. Appeals must be submitted with five (5) days of receipt of answer. Appeals shall be answered in twenty (20) working days unless extended for cause by the Executive Director. The following rules are to apply to the filing of grievances or they may be returned:

1. Attempt resolutions informally first by writing a request to staff.
2. The form must be completed, signed and dated.
3. Only one additional page will be allowed.
4. The grievance must be submitted within seven (7) days after the incident becomes known to the inmate.
5. Request must be clear and easily understood.
6. Grievances cannot be filed as a misconduct appeal.
7. Grievances cannot be filed on behalf of another inmate.
8. Grievances cannot be filed on a State or Federal court decision, law or regulation.

(Dkt. 35-2 at 7-8).

The inmate grievance procedure required Plaintiff to file a formal grievance within seven days of an alleged incident. *See* Dkt. 35-2 at 7-8; Dkt. 35-3 at 2). Defendant Sam McCoy states by affidavit that all times relevant to Plaintiff's complaint, McCoy was fulfilling the roles and duties of the Executive Director of the Okmulgee County Criminal Justice Authority. McCoy further asserts that on May 25, 2016, he received a Request to Staff from Plaintiff, requesting mental health medication. The request was forwarded to Defendant Kimberly Trulove, Health Services Administrator, who was in charge of such matters.

Defendant McCoy also alleges that if Plaintiff sent an additional Request to Staff to Defendant John Martin, McCoy never saw it, as Martin was ill with cancer at the time and

5

no longer at the facility.[2] After a thorough review of Plaintiff's jail file, McCoy determined that Plaintiff never submitted any formal grievances pursuant to the handbook and policy.

Plaintiff alleges in his response to the motion for summary judgment (Dkt. 36) that he attempted to use the inmate grievance procedure process by asking officers for the necessary paperwork. He claims, however, that his request was refused. Plaintiff therefore waited until he was in the Department of Corrections to file suit.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Failure to exhaust is excused only if prison officials impede the prisoner's attempts. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (citation omitted).

The Court finds Plaintiff has provided no specifics of the alleged denial of a grievance form. He fails to allege when he made his request or to whom the request was made. Instead, he asserts only that he asked unnamed "officers" for the form. He also presents no allegations that he attempted to use the jail's inmate grievance procedure to obtain the form. Such conclusory allegations do not establish futility and are insufficient

---

[2] McCoy advises the Court in his affidavit that John Martin is deceased.

to excuse his failure to exhaust. *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005).

After careful consideration of the pleadings and other submitted materials in this case, the Court is of the view that there are no genuine issues of material fact concerning whether Plaintiff's claims are unexhausted. Therefore, summary judgment must be GRANTED.

**ACCORDINGLY,** Defendants' motion for summary judgment (Dkt. 35) is GRANTED and this action is DISMISSED for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED** this 26th day of February 2020.

James H. Payne
United States District Judge
Eastern District of Oklahoma