# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**RAY ARTHUR McELWEE,**              )
                                     )
               Plaintiff,     )
                                     )
v.                                   )    No. CIV 17-240-RAW-SPS
                                     )
**MS. TRUELOVE, et al.,**            )
                                     )
               Defendants.    )

## OPINION AND ORDER

On February 26, 2020, this civil rights action was dismissed for Plaintiff's failure to exhaust the administrative remedies for his claims pursuant to 42 U.S.C. § 1997e(a), and judgment was entered (Dkts. 50, 51). On March 6, 2020, Plaintiff filed a motion to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(e) (Dkt. 52). He alleges he was hindered from proceeding with the exhaustion of his administrative remedies by Sgt. Wilson, Sgt. Murphy, Sgt. Kevin Ross, Sgt. Smitt, Chief Piers, and three others whose names Plaintiff does not know. These individuals, however, were not named as defendants in this case, and Plaintiff has provided no factual support for his conclusory allegations.

Defendants have filed a response to Plaintiff's motion, asserting Plaintiff did not previously identify any of these particular individuals in his deposition or his response to Defendant's motion for summary judgment (Dkt. 53 at 3). Nor did he identify the date these hindrances allegedly occurred.

Rule 59(e) provides that a district court may alter or amend a judgment on a motion filed within 28 days of entry of the judgment. The Court may reconsider a final decision if the moving party shows "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

"A Rule 59(e) motion should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).

"[T]he district court is vested with considerable discretion" in determining whether to grant or deny such a motion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996). Rule 59(e), however, does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. *Servants of the Paraclete*, 204 F.3d at 1012. "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005) (citation omitted), *aff'd*, 191 F. App'x 822 (10th Cir. 2006).

Here, the Court finds Plaintiff has failed to meet his burden for relief under Rule 59(e). Therefore, his motion to alter or amend the judgment (Dkt. 52) must be denied.

**ACCORDINGLY,** Plaintiff's motion to alter or amend the judgment (Dkt. 52) is DENIED.

**IT IS SO ORDERED** this 3rd day of August 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma